UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM ENRIGHT,<br><br>                Plaintiff,<br>v.<br><br>STATE OF WASHINGTON,<br><br>                Defendants. | Case No. C19-5201 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>May 15, 2020</u> |

Plaintiff William Enright proceeds *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 7, Complaint. Plaintiff is a civilly committed resident of the Washington Department of Social and Health Services Special Commitment Center (SCC). He alleges that his First Amendment right to freedom of religion has been violated through underservice of the Catholic community at SCC. Dkt. 7, at 4. He further claims that he has an interest in contempt sanctions that were previously imposed on the state of Washington in another Section 1983 action and requests injunctive relief to force the state to pay plaintiff his share of the sanctions.

Defendant has filed a motion to dismiss for failure to state a claim. Dkt. 12. For the reasons discussed below, the Court should grant defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff's complaint describes an incident at SCC on December 18, 2018, when the residents of SCC had a Christian Christmas banquet. Dkt. 7, at 4. Plaintiff alleges

REPORT AND RECOMMENDATION - 1

1  that at that time, the twenty Catholics among the SCC residents received the services of
2  a Catholic sponsor, Liz Bronus from the St. Jude Catholic Church in Redmond,
3  Washington. Dkt. 7, at 4-5.
4      Plaintiff alleges that their sponsor was asked to leave the banquet, because she
5  was a Catholic. *Id.* at 5. Someone among SCC staff allegedly claimed that Catholics are
6  not Christians, to justify the removal of the sponsor. *Id.* According to the complaint, this
7  resulted in the sponsor's refusal to return to the SCC. *Id.*
8      Plaintiff alleges that he and other Catholics at SCC have asked for a new
9  sponsor to a community church without success, and furthermore, that there is no
10 longer a chaplain at SCC assisting plaintiff with religious concerns. *Id.* Plaintiff asserts
11 this has denied his access to four necessary rites of the Catholic faith: The introductory
12 rite, the liturgy of the word, the liturgy of the Eucharist, and the concluding rite. *Id.* He
13 alleges that since that banquet, no religious services have been held for Catholics,
14 including priestly ministrations for acts of contrition, holidays, and communion services.
15 *Id.*
16     Plaintiff's second claim refers to *Turay v. Richards*, a case in which the state of
17 Washington faced steep contempt sanctions for failing to improve conditions of
18 confinement according to the court's order in that case. Dkt. 7, at 6 (referring to *Turay v.*
19 *Richards*, 2007 U.S. DIST LEXIS 21374, Case No. C91-0664RSM (W.D. Wa. Mar 23,
20 2007). Plaintiff claims that residents were promised a share of the sanctions, he being
21 one of them. Dkt. 7, at 6-7. The Court takes judicial notice of the relevant facts in that
22 case, as laid out in *Turay v. Richards*, 2007 U.S. DIST LEXIS 21374 at *4-8.
23
24
25

REPORT AND RECOMMENDATION - 2

In 1994, a jury found that the SCC was not providing residents constitutionally adequate mental health treatment. The presiding Honorable District Court Judge Dwyer issued an injunction that required the SCC to bring the treatment program into compliance with constitutional requirements. *Turay v. Richards*, 2007 U.S. DIST LEXIS, at *4. In November 1999, Judge Dwyer held defendants in contempt for failing to take all reasonable steps within their power to comply with the injunction. As a result, contempt sanctions began accruing on a per diem basis, and continued to accrue for the next several years. *Turay v. Richards*, 2007 U.S. DIST LEXIS, at *7.

In 2004, the Honorable District Court Judge Lasnik found that Defendants had substantially complied with the requirements of the injunction. *Turay v. Richards*, 2007 U.S. DIST LEXIS, at *7. Accordingly, Judge Lasnik purged the 1999 contempt order and found the accrued sanctions need not be paid. *Id.* at *7-8. This cancelled nearly ten million dollars in accrued contempt sanctions. Dkt. 12-1, at 4 (State's Attachment A to Motion to Dismiss, *Turay v. Weston*, 9th Circuit Court of Appeals, Cause No. 04-35615, unpublished memorandum filed May 9, 2006). On the residents' appeal of the dissolution of the sanctions, the Ninth Circuit Court of Appeals affirmed Judge Lasnik's order, finding that the sanctions were coercive in nature and never intended as compensation to the residents. *Turay v. Richards*, 2007 U.S. DIST LEXIS, at *8 (citing *Cunningham v. Weston*, 180 Fed. Appx. 644, 2006 U.S. App. LEXIS 11941 (9th Cir. May 9, 2006)).

Plaintiff's complaint argues that the sanctions were never dissolved. Dkt. 7, at 6. Plaintiff claims that because "Judge Dwyer passed away," the contempt sanctions were converted to "federal regulations" which could not be purged by subsequent judicial

REPORT AND RECOMMENDATION - 3

order. *Id.* Plaintiff asserts that the sanctions have continued to accrue to the present day, and that he and the other residents are owed their payments. *Id.* at 7.

## DISCUSSION

### I. STANDARD OF REVIEW

The Court's review of a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court held in *Ashcroft v. Iqbal,* 680 U.S. 662, 678 (2009): "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" must be contained in the complaint in order to survive a motion to dismiss under FRCP 12(b)(6). A pro se complaint must be liberally construed. *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th Cir. 2017). All material factual allegations in the complaint "are taken as admitted," and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Id.*; *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

### II. PLAINTIFF'S FREE EXERCISE CLAIM

Plaintiff's first claim alleges that he is denied practices essential to the exercise of his Catholicism. His complaint is deficient, however, as it names only the State of Washington as a defendant. States and state agencies are not "persons" within the meaning of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see*

*Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Furthermore, states and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment immunity and may not be named as a defendant in this case. *McConnell v. Critchlow*, 661 F.2d 116 (9th Cir. 1981).

Plaintiff's religious exercise claim should therefore be dismissed without prejudice, with leave to amend his complaint to cure this deficiency. If plaintiff files an amended complaint, plaintiff is directed to write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) *the name of the individual person (defendant) who violated the right*; (3) exactly what that person did or failed to do; (4) how the action or inaction of that individual person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

If the person named as a defendant was a supervisory official, plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to prevent further harm to plaintiff and also state facts to support this claim. *See Monell v. NYC Dept. of Social Services*, 436 U.S. 658, 691 (1978).

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" (or "Jane Doe") defendants. If plaintiff fails to affirmatively link

the conduct of each named defendant with the specific injury suffered by plaintiff, the claim against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed. Plaintiff may attach extra sheets to the form provided by the Court if necessary.

III. PLAINTIFF'S CLAIM TO PAYMENT OF COURT-ORDERED SANCTIONS

Plaintiff's claim to a share of the sanctions ordered in a prior proceeding, as a matter of law, cannot constitute a claim under 42 U.S.C. § 1983.

Plaintiff's response to the government's motion to dismiss indicates that plaintiff's sole argument lies in his assertion that the sanctions were converted to federal regulations. Dkt. 14, at 1. Plaintiff claims that two judges and an attorney general advised him that if a presiding judge should die before the resolution of a case, sanctions issued by that judge become federal regulations which only an act of Congress may revoke. *Id.*

There is no legal basis for plaintiff's claim that a presiding judge's death converts any sanctions issued into federal regulations or otherwise prevents a subsequent court decision to dissolve such sanctions. The dissolution of the sanctions at issue has already been fully litigated at the United States Court of Appeals for the Ninth Circuit, and this Court need not revisit the issue. *See Turay v. Richards*, 2007 U.S. DIST LEXIS, at *8 (citing *Cunningham v. Weston*, 180 Fed. Appx. 644, 2006 U.S. App. LEXIS 11941 (9th Cir. May 9, 2006)).

REPORT AND RECOMMENDATION - 6

Without any legal basis and without identifying any violation of a constitutional or federal right, plaintiff's claim is frivolous. There is no plausible amendment that could cure plaintiff's claim. Accordingly, the Court should dismiss this claim with prejudice.

IV. <u>INSTRUCTIONS ON FILING AN AMENDED COMPLAINT</u>

An amended complaint must be legibly rewritten or retyped in its entirety and contain the same case number. The proposed complaint should be self-contained or incorporate any externally alleged facts by reference; any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana*, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiff may attach additional documents to support the facts of his claims, but he should specify within his complaint which portion of the documents (i.e., page and paragraph) he is relying on to support the specific facts of his claims. If plaintiff fails to adequately specify the portion of the supporting documents, the Court may disregard the documents. The amended complaint will act as a complete substitute for the complaint, and not as a supplement. In the amended complaint, plaintiff may not re-allege claims dismissed from this action. Any new claims raised in the amended complaint must relate only to the remaining claims alleged in the complaint.

An amended complaint will be screened to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that he has already

REPORT AND RECOMMENDATION - 7

"struck out" in at least three prior cases, and therefore his amended complaint must indicate that plaintiff is "under imminent danger of serious physical injury," or else plaintiff's in forma pauperis status shall be revoked. 28 U.S.C. § 1915(g).

If the Court adopts this Report and Recommendation, failure to file a second amended complaint within **60 days** of the Court's order adopting the Report and Recommendation will result in the Court recommending dismissal of these claims and the remaining defendants from the action.

CONCLUSION

The Court should find that plaintiff has failed to state a claim for freedom of exercise of religion and that plaintiff's claim requesting payment of previously dissolved sanctions is frivolous. The Court therefore should grant defendants' motion to dismiss, dismissing the free exercise claim without prejudice and the sanctions claim with prejudice. The Court should grant the plaintiff leave to amend his complaint to cure the deficiencies in his First Amendment claim.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **May 15, 2020**, as noted in the caption.

Dated this 23rd day of April, 2020.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9