UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM ENRIGHT,

                Plaintiff,

v.

STATE OF WASHINGTON,

                Defendants.

Case No. C19-5201 BHS-TLF

ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER

This matter comes before the Court on plaintiff's Motion for Court Order re the Return of Personal Property. Dkt. 21. Defendant has filed a response in opposition to plaintiff's motion. Dkt. 22.

Plaintiff, a resident at the Special Commitment Center (SCC), filed this damages action for alleged violations of religious liberty. Dkt. 7. This Court previously dismissed plaintiff's claims, with leave to file an amended complaint. Dkt. 20. The amendment deadline was July 10, 2020. Plaintiff has not filed an amended complaint to this date.

Plaintiff's motion requests injunctive relief from this Court in two forms: (1) that a U.S. Marshal execute a search warrant at the SCC for the return of plaintiff's (unspecified) personal property, and (2) that the Court enact a policy requiring the SCC to obtain a search warrant before the SCC searches the rooms of residents. Dkt. 21, at 2.

In addition, plaintiff's motion alleges disruptive delays in the SCC mail process, that the SCC residents have been restricted from access to the law library and communication with the courts, and that this Court has compromised its impartiality. Dkt. 21, at 1-2.

Plaintiff's requested injunctive relief bears no relation to the claims in his dismissed complaint. For this reason alone, the Court should deny the motion. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (absent a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint, the district court lacks authority to grant the relief requested). Plaintiff's factual allegations, which similarly bear no relation to either the claims underlying this action or the relief requested in this motion, need not be addressed by the Court.

Furthermore, plaintiff has failed to establish a basis for the "extraordinary remedy" of injunctive relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction[1], a party must demonstrate, among other factors, that he will likely suffer irreparable harm in the absence of preliminary relief. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018). A plaintiff may not obtain an injunction merely because an irreparable injury is possible, the plaintiff must show that the irreparable injury is likely in the absence of preliminary relief. *Am. Trucking Association, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

---

[1] Temporary restraining orders are governed by the same standard as preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 829 n. 7 (9th Cir. 2001).

ORDER DENYING PLAINTIFF'S MOTION FOR COURT
ORDER - 2

1  Plaintiff's motion has not alleged, let alone established, that he will suffer
2  irreparable injury without his requested relief. *See* Dkt. 21. In the absence of an
3  amended complaint sustaining plaintiff's claims in this case, the Court has no basis on
4  which to grant plaintiff's motion. Accordingly, the undersigned DENIES plaintiff's motion.
5  .
6  Dated this 2nd day of October, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge